UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| DOUGLAS BRILLIANT, | ) | CASE NO. 26-50053-jrs |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| S. GREGORY HAYS. Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff | ) | ADVERSARY PROCEEDING |
| | ) | NO. _____ |
| v. | ) | |
| | ) | |
| CAROLINE NATALIE ALVES, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF TRANSFER, AND (2)
AUTHORITY TO SELL ESTATE'S AND CO-OWNER'S INTEREST IN PROPERTY**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("Trustee" or "Plaintiff") for the

bankruptcy estate of Douglas Brilliant ("Debtor"), by and through undersigned counsel, and files

this *Complaint for (1) Avoidance and Recovery of Transfer, and (2) Authority to Sell Estate's and

Co-Owner's Interest in Property* (the "Complaint"), respectfully showing as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§

157 and 1334.

2.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A),

(H), and (O), and Trustee consents to entry of final orders or judgments by this Court.

3.      Defendant Caroline Natalie Alves ("Defendant") is subject to the jurisdiction of

this Court and may be served at her residence at 107 Bowen Lane, Alpharetta, GA 30004.

4. Venue is proper in this Court under 28 U.S.C. §1409 because this adversary proceeding arises in and relates to the Chapter 7 bankruptcy case of Douglas Brilliant pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, Case No. 26-50053-jrs.

### Appointment of Trustee

5. On January 2, 2026 (the "Petition Date"), Debtor filed his voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, modified, or supplemented, the "Bankruptcy Code").

6. Trustee was appointed as the interim Chapter 7 trustee in this case.

7. The meeting of creditors was concluded on February 19, 2026. Trustee is the duly appointed trustee in this case pursuant to 11 U.S.C. § 702(d).

### Background

8. Debtor is the sole shareholder of Brilliant Enterprises, Inc. ("BE"), which held 32% of the membership interests in Stone Medical Group, LLC ("SMG"). The other members were (i) Steven Gorn, through his company Gorn and Associates, LLC ("Gorn") (32%), James O. Sullivan ("Sullivan") (4%), and Sean Dana ("Dana"), through his company S and D Wholesale, Inc. ("Wholesale") (32%).

9. In 2019, BE, Gorn, and Sullivan agreed to acquire the interests of Dana and Wholesale in SMG and its related entities.

10. On or about December 30, 2019, BE, Gorn and multiple other companies in which Debtor and Steven Gorn had ownership or membership interests (collectively, the "Obligated Parties") executed a promissory note in the principal amount of $2,754,216.00 in favor of Dana (the "Note").

11. On or about August 31, 2021, Debtor and Defendant acquired an interest as joint tenants with the right of survivorship in property with the common address of 107 Bowen Lane, Alpharetta, Cherokee County, GA 30004 (the "Property") pursuant to a Limited Warranty Deed from Lisa A. Capaldo and Francis J. Capaldo, recorded on September 3, 2021, at Book 14696, Page 911, Cherokee County Records.

12. Beginning in January of 2022, the Obligated Parties defaulted under the Note.

13. On August 30, 2022, a *Quitclaim Deed* executed by Debtor purporting to transfer all of Debtor's interest in the Property to Defendant was recorded at Deed Book 14819, Page 2341, Cherokee County Records (the "Transfer").

14. The PT-61 filed in connection with the Transfer indicates that no consideration was paid for the Transfer.

15. On September 8, 2022, Dana commenced litigation on the Note against the Obligated Parties in Palm Beach County Circuit Court, Case No. 2022-008846XXX-MB.

**Creditors Existing at the Time of the Transfer**

16. At the time of the Transfer, Debtor and BE were indebted to American Express National Bank ("AMEX") under a Business Platinum Card, number ending 8002. AMEX filed Proof of Claim No. 13 in the amount of $354,564.75.

17. At the time of the Transfer, Debtor was indebted to Lending Club Bank, National Association ("Lending Club") pursuant to a loan in the principal amount of $35,000.00 made on or about March 3, 2022. Lending Club assigned its debt to LendingClub Corporation ("LendingClub"). LendingClub assigned the debt to Velocity Investments, LLC ("Velocity"). Quantum3 Group, LLC, as agent for Velocity, filed Proof of Claim No. 7 in the amount of $24,787.33.

18. At the time of the Transfer, Debtor was indebted to WebBank pursuant to a loan in the principal amount of $25,373.40 made on or about August 7, 2022. WebBank assigned its debt to Prosper Funding, LLC ("Prosper"). Prosper assigned the debt to Velocity. Quantum3 Group, LLC, as agent for Velocity, filed Proof of Claim No. 5 in the amount of $21,351.06.

## Count I
### (Avoidance and Recovery of Transfer)

19. Trustee re-alleges and incorporates the allegations of paragraphs 1 through 18 above as though fully set forth herein.

20. 11 U.S.C §544(b) provides: "Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title."

21. Because the Property is located in Georgia, Georgia's Uniform Voidable Transactions Act (the "UVTA"), O. C. G. A. § 18-2-70, *et seq*, is applicable to the Transfer.

22. AMEX was a creditor of Debtor at the time of the Transfer and holds an allowable claim in this case. Trustee, standing in the shoes of AMEX, may avoid the Transfer under the UVTA.

23. OCGA § 18-2-74 (c) provides that "[i]f a creditor is a successor or assignee, a right of action under … this Code section is automatically assigned to such successor or assignee." Further, OCGA § 18-2-71 (4) defines a "creditor" who can assert a claim under the UVTA, as "a person who has a claim, regardless of when the person acquired the claim, together with any successors or assigns."

24. Lending Club was a creditor of Debtor at the time of the Transfer. Velocity holds an allowable claim in the case. Trustee, standing in the shoes of Velocity, may avoid the Transfer under the UVTA.

25. WebBank was a creditor of Debtor at the time of the Transfer. Velocity holds an allowable claim in the case. Trustee, standing in the shoes of Velocity, may avoid the Transfer under the UVTA.

26. Pursuant to O. C. G. A. § 18-2-76(1)(A) the date of the Transfer is August 30, 2022.

27. The Transfer occurred within four (4) years of the Petition Date.

28. Defendant is an insider of Debtor.

29. Debtor retained possession of the Property after the Transfer.

30. Debtor made the Transfer with the intent to hinder and delay creditors, including Dana, AMEX, Lending Club, and WebBank.

31. Trustee may avoid the Transfer pursuant to O. C. G. A.. §§ 18-2-74(a)(1) and 18-2-77(a)(1).

32. Debtor was insolvent at the time of the Transfer.

33. Defendant paid no consideration for the Transfer. Therefore, Debtor received less than reasonably equivalent value for the Transfer.

34. Trustee may avoid the Transfer pursuant to O. C. G. A. §§ 18-2-75(a) and 18-2-77(a)(1).

35. Defendant was the initial transferee of the Transfer.

36. Pursuant to 11 U.S.C. § 550(a), Trustee may recover Debtor's interest in the Property or its value from Defendant.

37.    11 U.S.C. § 551 provides that any transfer avoided under 11 U.S.C. § 544(b) is automatically preserved for the benefit of the bankruptcy estate.

38.    Trustee is entitled to avoid the Transfer under 11 U.S.C. § 544(b), and the Transfer so avoided is preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

### Count II
### (Approval of Sale Pursuant to 11 U.S.C. § 363(h))

39.    Trustee re-alleges and incorporates the allegations of paragraphs 1 through 38 above as though fully set forth herein.

40.    At the commencement of this Bankruptcy Case, the bankruptcy estate of Debtor was created under 11 U.S.C. § 541(a) (the "Bankruptcy Estate") and includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the estate acquired after commencement of the Bankruptcy Case. 11 U.S.C. § 541(a)(1) and (7).

41.    If the Transfer is avoided under 11 U.S.C. § 548(a) and recovered under 11 U.S.C. § 550(a), the interest in the Property acquired by the Bankruptcy Estate is property of the Bankruptcy Estate.

42.    Partition in kind of the Property among the Bankruptcy Estate and Defendant is not practicable.

43.    Sale of the Bankruptcy Estate's undivided interest in the Property would realize significantly less than sale of the Property free of the interests of Defendant.

44.    The benefit to the Bankruptcy Estate of a sale of the Property free of the interests of Defendant outweighs any detriment to Defendant.

45.    The Property is not used in the production, transmission, or distribution for sale of electric energy or natural or synthetic gas for heat, light, or power.

46.    Trustee may sell the interests of the Bankruptcy Estate and Defendant in the Property pursuant to 11 U.S.C. § 363(h).

WHEREFORE, Trustee requests that this Court enter an order and judgment in favor of Trustee and against Defendant granting the following relief:

(i)    avoiding the Transfer pursuant to 11 U.S.C. §§ 544(b) and the UVTA,

(ii)   ordering the recovery of Debtor's interest in the Property or its value from Defendant as initial transferee, and

(iii)  ordering that the avoided Transfer is preserved for the benefit of the Bankruptcy Estate pursuant to 11 U.S.C. § 551;

(iv)   Granting Trustee authorization to market for sale the interests of the Bankruptcy Estate and Defendant in the Property;

(v)    Authorizing Trustee to sell, subject to Bankruptcy Court approval, the interests of the Bankruptcy Estate and Defendant in the Property; and

(vi)   Granting such other and further relief as this Court deems just and equitable, including casting all costs against Defendant.

Dated: August 5, 2026

LAMBERTH, CIFELLI,
ELLIS & NASON, P.A.
*Attorneys for Trustee*

By:  */s/ G. Frank Nason, IV*
G. Frank Nason, IV
Georgia Bar No. 535160
fnason@lcenlaw.com

6000 Lake Forrest Drive, NW
Suite 290
Atlanta, Georgia 30328
(404) 262-7373